GEORGE WILLOUGHBY and LILLIAN WILLOUGHBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Willoughby v. Commissioner
Docket No. 10500-75.
United States Tax Court
T.C. Memo 1977-297; 1977 Tax Ct. Memo LEXIS 146; 36 T.C.M. (CCH) 1182; T.C.M. (RIA) 770297; August 31, 1977, Filed George Willoughby, pro se. Lowell F. Raeder, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined the following deficiencies in Federal income tax and additions to tax against petitioners: Additions to Tax Taxable Year
Tax
Sec. 6651(a) [1]
Sec. 6653(a)
1970
$ 571.00
$143.00
$ 29.00
1971
2,229.00
557.25
111.45
1972
1,109.00
277.25
55.45
1973
1,004.00
251.00
50.00
Respondent filed a motion for partial summary judgment as to the deficiencies in income tax on the grounds that the only objection petitioners raise as to the deficiencies in income tax is their disagreement with the policies of the Federal Government *147 in the manner that tax revenues are expended. We held a hearing on respondent's motion and at the same time held a trial on the other issues; namely, whether petitioners are liable for an addition to tax under section 6651(a) for failure to file returns for each of the years involved and whether they are liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations with respect to income tax for each of the years involved. FINDINGS OF FACT Some of the facts were stipulated. The stipulation of facts and accompanying exhibits are incorporated by reference. Petitioners, husband and wife, resided at 4609 Spruce Street, Philadelphia, Pa. when they filed their petition. They refused to file Federal income tax returns for the taxable years 1970, 1971, 1972 and 1973 in order to protest the actions of the Federal Government on the grounds that it would abridge their religious freedom by constituting complicity in alleged violation of international law committed by the United States in Southeast Asia. Petitioners' failure to file income tax returns for the taxable years 1970 through 1973 was deliberate and intentional and due *148 to willful neglect and not due to reasonable cause. Such failure to file and their failure to timely pay their income taxes for the taxable years 1970 to 1973 was an intentional disregard of the rules and regulations with respect to income taxes. OPINION Petitioners refused to file income tax returns for the taxable years 1970 through 1973 to protest the actions of the Federal Government in Southeast Asia. Respondent's motion for partial summary judgment is granted. The law is well settled that religious grounds are not acceptable grounds against deficiencies in income tax. ; . [2]
Petitioners' failure to file income tax returns was deliberate and intentional. Petitioners' belief that the requirement of filing the returns was unconstitutional is not "reasonable cause" to avoid imposition of the penalty imposed by section 6651(a), Petitioners are also liable for the addition to tax under section 6653(a) because they *149 intentionally disregarded the rules and regulations with respect to the income tax. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. , on appeal to Third Circuit.↩